FILED
Oct 03, 2019
03:42 PM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Joseph Burnette, | ) | Docket No.: 2018-01-0797 |
| Employee, | ) | |
| v. | ) | |
| SRB Corporation, | ) | State File No.: 87528-2018 |
| Employer, | ) | |
| And | ) | |
| Selective Ins. Co. of America, | ) | Judge: Audrey A. Headrick |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER
### *(DECISION ON THE RECORD)*

This case came before the Court on Joseph Burnette's Request for an Expedited Hearing on the record.[1] The only issue is whether Mr. Burnette is likely to establish at trial that he is entitled to the cervical surgery recommended by Dr. Jay Jolley. For the reasons below, the Court holds he is and orders SRB to provide the surgery.

### History of Claim

The essential facts of this case are undisputed. Mr. Burnette injured his neck and other body parts on October 26, 2018, when he fell backwards at work and landed on pavement striking his head on a steel trailer. His authorized treating physician, Dr. Jolley, recommended a C4-7 anterior cervical discectomy and fusion in May 2019 after four months of conservative treatment failed.

SRB submitted the surgical recommendation for utilization review (UR), and the reviewing physician found the procedure not medically necessary.[2] In a June 3, 2019 report, the reviewing physician used the Official Disability Guidelines (ODG) and provided several bases for finding the surgery not medical necessary: (1) Mr. Burnette's

---

[1] The Court issued a docketing notice allowing the parties until October 1 to file objections or submit position statements.

[2] The reviewing physician is board-certified in orthopedic surgery.

1

records do not describe any specific focal neurological deficits; (2) Clarification is needed regarding his bilateral strength decrease; (3) No frank neurocompressive lesions are documented by the MRI; and, (4) Mr. Burnette is a daily smoker without any documentation that he stopped smoking for six weeks. The Bureau's Assistant Medical Director upheld the UR denial because the request did not satisfy the ODG, and Mr. Burnette timely filed a Petition for Benefit Determination.[3]

Dr. Jolley testified by affidavit regarding the recommended surgery. He stated "that the ODG criteria used by UR reviewer in this case is extremely stringent and is not adopted by most practicing orthopedic surgeons." He also gave his opinion that the surgery is necessary "as a result of [Mr. Burnette's] work-related injury and that the proposed surgery has a greater than 80% chance of reducing his neck and arm complaints." Dr. Jolley additionally said that Mr. Burnette will continue to have pain and be unable to work without the surgery.

## Findings of Fact and Conclusions of Law

To prevail at an expedited hearing, Mr. Burnette must provide sufficient evidence to show he would likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). The Court holds he did.

The sole issue is whether Mr. Burnette is entitled to the recommended surgery. To resolve this issue, the Court must determine if SRB rebutted the presumption of medical necessity attached to Dr. Jolley's recommendation. After reviewing the evidence, the Court holds it did not.

The Workers' Compensation Law provides that SRB must provide Mr. Burnette with medical and surgical treatment ordered by Dr. Jolley, the authorized treating physician, if it is reasonably necessary for the work-injury. Tenn. Code Ann. § 50-6-204(a)(1)(A) (2018). Likewise, any treatment recommended by Dr. Jolley "shall be presumed to be necessary for treatment of the injured employee." *Id*. at § 50-6-204(a)(3)(H). Because Dr. Jolley recommended surgery for Mr. Burnette's neck, the law presumes that the surgical treatment is medically necessary. This presumption is rebuttable by a preponderance of the evidence. *Morgan v. Macy's*, 2016 TN Wrk. Comp. App. Bd. LEXIS 5, at *14 (Mar. 12, 2015).

Despite the presumption of medical necessity, the Workers' Compensation Law provides a UR system to consider any treatment recommended for the injured worker. Tenn. Code Ann. § 50-6-124. UR provides an "evaluation of the necessity,

---

[3] The Court's September 20 Docketing Notice stated, "[t]he Court will not consider documentation that a party did not file with the Request for Expedited Hearing or the Response in Opposition to the Request for Expedited Hearing." SBR did not file its pre-hearing statement until September 30 and requested that the Court consider newly filed exhibits. The Court declines to do so.

appropriateness, efficiency and quality of medical services . . . provided to an injured or disabled employee based upon medically accepted standards and an objective evaluation of the medical services provided[.]" Tenn. Comp. R. & Regs. 0800-02-06-.01(20) (June 2017). This is done with a record review by an "advisory medical practitioner" to determine whether the proposed procedure is medically necessary. *Id.* at 0800-02-06-.03.

SRB submitted Dr. Jolley's surgical recommendation to UR. The reviewing physician applied the ODG treatment guidelines and determined that the surgery was not medically necessary, and the Assistant Medical Director upheld the denial.

Dr. Jolley's surgery recommendation, the reviewing physician's denial, and ultimately the Assistant Medical Director affirmation of that denial present the Court with conflicting medical opinions about the reasonableness and necessity of the proposed surgery. A trial court has the discretion to choose which expert to accredit when there is a conflict of expert opinions. *Brees v. Escape Day Spa & Salon*, 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at *14 (Mar. 12, 2015). In evaluating conflicting expert testimony, a trial court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information through other experts." *Id.* Further, it is reasonable to conclude that the physician "having the greater contact with [the injured worker] would have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 677 (Tenn. 1991).

Considering the various opinions, Dr. Jolley treated Mr. Burnette conservatively for his cervical injury for four months and relied upon his observations and findings after that time to conclude that he needed surgery. The reviewing physician, on the other hand, performed a one-time record review and relied upon the ODG treatment guidelines in denying the recommendation. After learning of the UR denial, Dr. Jolley stood by his recommendation and stated he thinks the surgery has more than an eighty percent chance of reducing Mr. Burnette's symptoms.

The Court has "authority to assess the validity of the utilization review reports and determine the relative weight to be given those physicians' opinions as well as other expert medical opinions." *Venable v. Superior Essex, Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 56, at *9 (Nov. 2, 2016). After considering the conflicting medical opinions, the Court finds that the reviewing physician's opinion is insufficient to overcome the presumption of correctness afforded Dr. Jolley's opinion. Therefore, the Court holds Mr. Burnette is likely to prevail at a hearing on the merits in proving that he is entitled to the surgery.

**IT IS, THEREFORE, ORDERED** as follows:

1. SRB shall provide Mr. Burnette additional medical treatment with Dr. Jolley, including the recommended surgery, for his cervical injury under Tennessee Code Annotated section 50-6-204.

2. This case is set for a Status Hearing on Thursday, December 12, 2019, at 1:00 p.m. Eastern Time. You must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call might result in a determination of the issues without your participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED October 3, 2019.**

**AUDREY A. HEADRICK**
**Workers' Compensation Judge**

4

# APPENDIX

Exhibits:
1. Form C-20 First Report
2. Form C-41 Wage Statement
3. Utilization Review documents:
    a. June 3, 2019 UR denial letter
    b. June 25, 2019 UR Appeal Memorandum
    c. June 25, 2019 letter of Dr. Robert Snyder, Medical Director
4. July 2, 2019 note of Dr. Jay Jolley
5. Affidavit of Dr. Jolley

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Docketing Notice
5. Employer/Carrier's Pre-Expedited Hearing On-The-Record Position Statement

## CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent as indicated on October 3, 2019.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Mike Wagner, Employee's Attorney | | X | maw@wagnerinjury.com |
| Fred Baker, Courtney Hart, Employer's Attorneys | | X<br>X | fbaker@wimberlylawson.com<br>chart@wimberlylawson.com |

_____ w/permission

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

6



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                          RDA 11082

9. My expenses are:

Rent/House Payment $_____ per month    Medical/Dental  $_____ per month

Groceries        $_____ per month     Telephone       $_____ per month

Electricity      $_____ per month     School Supplies $_____ per month

Water            $_____ per month     Clothing        $_____ per month

Gas              $_____ per month     Child Care      $_____ per month

Transportation   $_____ per month     Child Support   $_____ per month

Car              $_____ per month

Other            $_____ per month (describe:_____)

10. Assets:

Automobile              $_____    (FMV) _____

Checking/Savings Acct. $_____

House                   $_____    (FMV) _____

Other                   $_____    Describe:_____

11. My debts are:

Amount Owed                To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

**Employee** _____

v.

**Employer** _____

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Additional Information

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

### List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee


Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***


## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____ day of_____, 20___


[Signature of appellant or attorney for appellant]    _____